IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK A. GHOSH, <br> TDCJ #1210558, § § § | | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-05-4122 |
| WARDEN NORMAN McCLURE, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

State inmate Patrick A. Ghosh has filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights. On January 31, 2007, the Court granted the motion for summary judgment filed by two of the defendants and dismissed Ghosh's remaining claims. Ghosh has now filed a motion to alter or amend and a motion for relief from the judgment. (Docs. # 54, # 55)  For reasons that follow, Ghosh's motions are denied.

Ghosh's motions are governed by Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure. A Rule 59(e) motion may be granted if the moving party demonstrates any of the following:  (1) the judgment was based upon a manifest error of law or fact;  (2) there is newly discovered or previously unavailable evidence;  (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law.  *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).  However, a Rule 59(e) motion may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Id.*

Under Rule 60(b), a district court "may relieve a party from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). "The burden of establishing at least one of these 'exacting substantive requirements' is on the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993)).

Ghosh takes issue with portions of the Memorandum and Order dated January 31, 2007, which resulted in the dismissal of his claims. Some of those claims were dismissed as unexhausted for purposes of 42 U.S.C. § 1997e(a), because Ghosh conceded that he had not filed an administrative grievance. Other claims were dismissed on the merits.

Ghosh appears to argue that his retaliation claim against Defendant Paula Spriggs was improperly dismissed for failure to exhaust available administrative remedies. Along with his post-judgment motions, Ghosh includes evidence in the form of several Step 1 and Step 2 grievances (Nos. #2005134362 & #2005166658). Among those exhibits is a Step 1 grievance that was reportedly filed against Defendant Paula Spriggs or Defendant Reneda

2

Hubbard. (Step 1, Grievance No. #2005134362). A review of the Step 1 grievance shows, however, that it was returned to Ghosh as improperly filed in violation of TDCJ Rules for having inappropriate or excessive attachments. Moreover, this grievance shows only that Ghosh complained about conditions within the Trusty Camp food service department. The grievances presented do not contain allegations of conspiracy, harassment, or retaliation by Spriggs or Hubbard, as alleged in the complaint. Thus, this evidence does not show that Ghosh properly exhausted his claims by presenting relevant facts in compliance with prison procedures. *See Woodford v. Ngo*, — U.S. —, 126 S. Ct. 2378, 2387 (2006). The evidence and arguments presented by Ghosh do not otherwise demonstrate that the dismissal order was entered in error as a matter of fact or as a matter of law.

Ghosh also appears to object that his case was dismissed without an "evidentiary hearing" under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). A *Spears* hearing is designed to serve as a means of supplementing a prisoner's pleadings "in the nature of an amended complaint or more definite statement." *Adams v. Hansen*, 906 F.2d 192, 194 (5th Cir. 1990). The Fifth Circuit has recognized that a *Spears* hearing is not necessary for every *pro se* complaint, however, and that district courts "should be able to dismiss as frivolous a significant number of suits on the complaint alone or on the complaint together with [a more definite statement]." *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991) (citing *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986)). Ghosh had an opportunity to file a more definite statement in this case and he does not demonstrate that he required an additional opportunity to amend his complaint further. Likewise, to the extent that Ghosh

3

expected an evidentiary hearing, he does not articulate what he would have presented if a *Spears* hearing had been held or how a hearing would have changed the result. Therefore, Ghosh fails to show that he is entitled to relief from the judgment for this reason.

Based on the foregoing, Ghosh does not establish that he is entitled to relief from the judgment under Rule 59(e) or Rule 60(b). Therefore, it is **ORDERED** that Ghosh's motion to alter or amend and his motion for relief from the final judgment (Docs. # 54, # 55) are **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on March 1st, 2007.

_____
Nancy F. Atlas
United States District Judge